1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  NORTHWEST ADMINISTRATORS, INC.,   | Case No. CV 14-2755 SS

12              Plaintiff,

13       v.                           **STANDING ORDER**

14  COMPLETE FUSION CARE, CIC,
    INC., et al.,

15

16              Defendant.

17       **READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE
         AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

18

19       This action has been assigned to the calendar of Judge

20  Suzanne H. Segal.

21

22       In accordance with General Order 08-02, this case is

23  designated for electronic filing.  Counsel are to familiarize

24  themselves with General Order 08-02 and comply with all

25  requirements. Counsel shall electronically file all documents by

26  4:00 pm on or before the due date.  In addition, courtesy copies

27  of the following electronically filed documents, with the Notice

28

of Electronic Filing attached, shall be either (a) delivered to the Magistrate Judge's Chambers no later than 4:00 pm on the next court day, or (b) mailed to Magistrate Judge Suzanne H. Segal at United States Courthouse, 312 North Spring Street, Los Angeles, CA 90012 no later than the next court day:

   **(a)**   The Answer.

   **(b)**   For any motion, including a motion to dismiss the Complaint or motion for summary judgment: the motion and supporting papers, the opposition papers, and the reply papers.

   In order to facilitate the just, speedy, and inexpensive determination of this case, Fed. R. Civ. P. 1, the parties shall comply with the following instructions.   This order applies to all parties, including those appearing pro se.   Any reference in this order to "attorney" or "counsel" applies to parties appearing pro se unless the context requires otherwise.   See Local Rule 1-3.

   Both the Court and the attorneys bear responsibility for the progress of litigation in the Federal Courts.   To that end, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.[1]

---

[1] Copies of the Local Rules are available on our website at "http://www.cacd.uscourts.gov" or they may be purchased from one of the following:

Los Angeles Daily Journal        West Group
915 East 1st Street              610 Opperman Drive

1    IT IS FURTHER ORDERED:

2

3    **If any of the below-referenced events (i.e., service of the**

4    **complaint, submission of the Rule 26 Report) have already taken**

5    **place, the parties are not required to repeat any of these**

6    **events.**  The parties are directed to comply with this Order as to

7    any of the procedures or filings that reasonably should occur in

8    this case following the date of this Order.

9

10   1.   **Service of the Complaint:** The Plaintiff shall promptly serve

11   the Complaint in accordance with Fed. R. Civ. P. 4 and file the

12   proofs of service pursuant to Local Rule 5-3.1.

13

14   2.   **Removed Actions:** Any answers filed in state court must be

15   attached to the Notice of Removal.  Any pending motions must be

16   re-noticed as required by Local Rule 7.

17

18   3.   **Presence of Lead Counsel:** Lead trial counsel shall attend

19   any  proceeding  before  this  Court,  including  all  status

20   conferences, as well as settlement conferences.

21

22   4.   **Rule 26(f) Meeting of Counsel:** Counsel for the parties shall

23   meet personally pursuant to Fed. R. Civ. P. 26(f) and applicable

24   Local  Rules  to  confer  on  a  discovery  plan  not  later

25

26   Los Angeles, CA 90012          Post Office Box 64526
                                    St. Paul, MN 55164-0526
27   Metropolitan News
     210 South Spring Street
28   Los Angeles, CA 90012

than 21 days before the scheduling conference. Fed. R. Civ. P. 16(b).

**5.** **Joint Report of Rule 26(f) Meeting:** The Joint Rule 26(f) Report, which shall be filed not later than **fourteen (14)** days before the scheduling conference, shall be drafted by plaintiff (unless the parties agree otherwise), but shall be submitted and signed jointly. "Jointly" contemplates a single report, regardless of how many separately-represented parties there are. The Joint Rule 26(f) Report shall specify the date of the scheduling conference on the caption page. It shall address all matters described below, which include those required to be discussed by Rule 26(f) and Local Rule 26:

    **(a)** **Statement of the case:** a brief statement by each party (not to exceed two pages) setting forth that party's factual summary of the case as well as the party's main claims, counterclaims, or affirmative defenses.

    **(b)** **Subject matter jurisdiction:** a statement of the specific basis of federal jurisdiction, including supplemental jurisdiction.

    **(c)** **Legal issues:** a brief description of the **key legal issues**, including any unusual substantive, procedural, or evidentiary issues.

**(d)  Parties, evidence, etc.:** a list of parties, percipient witnesses, and key documents on the main issues in the case.  For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

**(e)  Damages:** the realistic range of provable damages.

**(f)  Insurance:** whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

**(g)  Motions:** a statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

**(h)  Manual for Complex Litigation:** whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

**(i)  Status of Discovery:** a discussion of the present state of discovery, including a summary of completed discovery.

**(j)  Discovery Plan:** a detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible),

anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery. State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or otherwise be limited, **any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced**, whether applicable discovery limitations should be changed or other limitations imposed, and whether the Court should enter other orders.

(k) **Discovery cut-off**: a proposed discovery cut-off date. This means the final day for <u>completion of discovery</u>, including production of all documents, completion of depositions and resolution of all discovery motions.

(l) **Expert discovery**: proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).

(m) **Dispositive motions**: a description of the issues or claims that any party believes may be determined by motion for summary judgment or other dispositive motion.

**(n) Settlement:** a statement of what settlement discussions or written communications have occurred **(excluding any statement of the terms discussed)** and a statement pursuant to Local Rule 16-14.4 selecting a settlement mechanism under that Rule. Note: If a case is selected for the ADR Pilot Program, the parties may choose private mediation (at their own expense) instead. No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.

**(o) Trial estimate:** a realistic estimate of the time required for trial and whether trial will be by jury or by court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds eight court days, counsel shall be prepared to discuss in detail the estimate.

**(p) Trial counsel:** the name(s) of the attorney(s) who will try the case.

**(q) Independent expert:** whether this is a case where the Court should consider appointing an independent scientific expert.

**(r) Timetable:** counsel should complete the Schedule of Pretrial and Trial Dates form attached to this Order

1      and attach it to the Joint Rule 26(f) Report. The

2      entries in the "Weeks Before Trial" column reflect what

3      the Court believes are appropriate for most cases and

4      will allow the Court to rule on potentially dispositive

5      motions sufficiently in advance of the pretrial

6      conference. The form is designed to enable counsel to

7      ask the Court to set different last dates by which the

8      key requirements must be completed. Each side should

9      write in the month, day and year it requests for each

10      event. For example, for the expert discovery cut-off

11      it might be "10/7/07" for plaintiff and "10/28/07" for

12      defendant, if they cannot agree. At the conference,

13      the Court will review this form with counsel. Each

14      entry proposing Court dates shall fall on a Tuesday.

15      In appropriate cases, the Court may order different

16      dates after it hears from counsel. The discovery cut-

17      off date is the last day by which all depositions must

18      be completed, responses to previously-served written

19      discovery must be provided, and motions concerning

20      discovery disputes must have been <u>heard</u>, not filed.

21      The cut-off date for motions is the last date on which

22      motions may be <u>heard</u>, not filed.

23

24    **(s)**   <u>**Other issues**</u>**:** a statement of any other issues affecting

25      the status or management of the case (e.g., unusually

26      complicated technical or technological issues, disputes

27      over protective orders, extraordinarily voluminous

28      document production, non-English speaking witnesses,

ADA-related issues, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.

The Joint Rule 26(f) Report should set forth the above described information under section headings corresponding to those in this Order. **Again, if the Rule 26(f) Report was previously filed, the parties are not required to re-file the Report.**

6. **Selection Of Mandatory Settlement Procedure**: In conformity with the Local Rules, counsel shall file the settlement procedure selection by the date given by the Court at the time of the Scheduling Conference. Available alternatives for consideration include:

(a) a settlement conference before an available Magistrate Judge willing to conduct the conference. Parties should contact the Courtroom Deputy Clerk, Marlene Ramirez, at 213-894-0958, and provide the name of the requested Magistrate Judge. The Courtroom Clerk will then contact the requested Magistrate Judge's Courtroom Clerk to determine availability and dates. (Note: the Court does not participate in settlements of cases on its own docket unless the parties elect to proceed to a jury trial);

(b) a settlement conference or mediation before an attorney

selected from the Attorney Settlement Panel (list available from the Court's Website);

(c) the employment by the parties of a private judge, mediator or arbitrator.

7. **Discovery**: All discovery matters will be heard by Judge Segal. **The discovery cut-off date is the date by which all discovery and discovery motions must be resolved. Discovery shall be served sufficiently in advance of the date to resolve all motions regarding discovery prior to the cut-off date. No discovery or discovery-related motions may proceed after the discovery cut-off date. THIS IS NOT THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS THE DATE BY WHICH ALL DISCOVERY IS TO BE COMPLETED. Expert discovery shall be completed by the expert discovery cut-off date.**

8. **Motions**:

(a) **Time for Filing and Hearing Motions**: Motions shall be filed in accordance with Local Rule 7. This Court customarily hears motions on **Tuesdays, commencing at 10:00 a.m.** Opposition and Reply Briefs, including all declarations and supporting documentation, will be rejected if not timely filed in accordance with the Local Rules. **No supplemental brief shall be filed without prior leave of Court. Local Rule 7-10.**

Adherence to the timing requirements is essential for the Court's preparation of motion matters.

**(b)** **Pre-filing Requirement:** Counsel should take note of the changes to the Local Rules affecting motion practice in the Central District. Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution," and to confirm in the notice of motion that such conference has taken place. Local Rule 7-3. Counsel should discuss the issues sufficiently that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference. **Failure to comply with Local Rule 7-3 and to set forth such compliance in the notice of motion may result in the motion date being vacated.**

**(c)** **Length and Format of Motion Papers:**

    **(1)** **Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages.** Only in rare instances and for good cause shown will the Court grant an application to extend these

11

1    page limitations.

2    **(2)  Typeface shall comply with Local Rule 11-3.1.1.**

3    **NOTE: If Times Roman font is used, the size must**

4    **be no less than 14; if Courier is used, the size**

5    **must be no less than 12.**  Footnotes shall be in

6    typeface no less than one size smaller than text

7    size and shall be used sparingly.

8

9    **(3)**  Filings that do not conform to the Local Rules and

10   this Order will not be considered.

11

12   **(d)  <u>Motions for Summary Judgment</u>:**  Before filing a motion

13   for summary judgment, counsel are strongly encouraged

14   to review Chapter 14 of Schwarzer, Tashima & Wagstaffe,

15   <u>California Practice Guide: Federal Civil Procedure</u>

16   <u>Before Trial</u> (2014).  To assist the Court, the moving

17   party shall submit the required Statement of

18   Uncontroverted Facts and Conclusions of Law as set

19   forth in Form 14:C.  The opposing party shall submit

20   the required Statement of Genuine Issues as set forth

21   in Form 14:D, responding first to each of the moving

22   party's alleged uncontroverted facts, then listing any

23   material facts in dispute, and citing to supporting

24   evidence.  **Note: Separate statements that fail to**

25   **comply with the above format will not be considered.**

26

27   **9.  <u>Proposed Orders</u>:** Each party filing or opposing a motion or

28   seeking the determination of any matter shall serve and lodge a

Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.  In addition to e-filing and sending the required courtesy copy to chambers, an electronic version of all Proposed Orders compatible with Word must be e-mailed to ss_chambers@cacd.uscourts.gov.

**10.  Telephonic Hearings:** The Court will conduct status conferences by telephone if any party outside the district so requests and all involved parties consent.  The attorney requesting the telephonic hearing shall contact the Courtroom Deputy Clerk, Marlene Ramirez, at 213-894-0958, at least one week prior to the date scheduled for the motion or conference to make the necessary arrangements.

**11.  Ex Parte Applications:** Counsel are reminded that ex parte applications are solely for extraordinary relief.  See Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488 (C.D. Cal. 1995).  Applications that fail to conform with Local Rules 7-19 and 7-19.1, **including the failure to include a statement of opposing counsel's position**, will not be considered.  The Court considers ex parte applications on the papers and usually does not set these matters for hearing.  In addition to the requirements of Local Rules 7-19 and 7-19.1, counsel for the moving party shall serve opposing counsel by facsimile transmission and shall notify opposing counsel that opposition papers must be filed no later than 24 hours following such facsimile service.  Counsel shall deliver a conformed courtesy

13

copy of moving, opposition, or notice of non-opposition papers to Judge Segal's chambers.  The Courtroom Deputy Clerk will notify counsel of a hearing date and time if the Court determines a hearing is necessary.

**12.  Continuances:** Counsel requesting a continuance must lodge -- prior to the date to be continued -- a Proposed Stipulation and Order including a detailed declaration of the grounds for the requested continuance or extension of time.  Local Rule 7-11. The Court grants continuances only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied. Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties.  **Proposed stipulations to continue scheduling dates shall address the effect of such continuance on any other dates previously set by the Court.  Such stipulations do not become effective unless and until signed by the Court.  Parties requesting conformed copies shall comply with Local Rule 11-4.5.**

**13.  Communications with Chambers:** Counsel shall not attempt to contact the Court or its chambers staff by telephone, letter, facsimile, e-mail or by any other ex parte means.  Local Rule 83-2.11.  Counsel may contact the **Courtroom Deputy, Marlene Ramirez, at 213-894-0958**, with appropriate inquiries.  To facilitate communication with the Courtroom Deputy, counsel should list their email address along with their telephone numbers on all papers.

**14.**   **Local Rule 16 Filings, Memoranda, Witness Lists, and Exhibit Lists:**  The parties must comply fully with the requirements of Local Rule 16.   They shall file carefully prepared memoranda of contentions of fact and law (which may also serve as the trial brief), along with their respective witness lists and exhibit lists, all in accordance with Local Rules 16-3, 16-4, 16-5 and 16-6.

**15.**   **Proposed Pre-Trial Conference Order:**   The proposed Pre-Trial Conference Order shall be lodged fourteen (14) calendar days before the Fed. R. Civ. P. 16 conference.   Adherence to this time requirement is necessary for in-chambers preparation of the matter.   The form of the proposed Pre-Trial Conference Order shall comply with Appendix A to the Local Rules.

**16.**   **Jury Instructions, Verdict Forms, Special Interrogatories:**

   **(a)**   Thirty (30) days before the Fed. R. Civ. P. 16 conference, the parties shall exchange proposed jury instructions, verdict forms, and special interrogatories.   Twenty-one (21) days before the conference, counsel shall exchange written objections, if any, to proposed jury instructions, verdicts, and special interrogatories.   The parties shall confer with the objective of submitting one set of agreed upon substantive instructions, verdict forms and, if necessary, special interrogatories.   "Substantive jury

15

instructions" means all instructions relating to the elements of all claims and defenses in the case. The Court will appreciate the parties delivering to the CRD a courtesy copy of these filings in an electronic format compatible with Word at the time the documents are filed.

**(b)** If the parties cannot agree upon one complete set of substantive instructions, verdict forms, and/or special interrogatories, they shall file two documents with the Magistrate Judge: a joint document reflecting the agreed upon instructions, verdict forms, and/or special interrogatories, and a second document in the form of a joint statement regarding the disputed instructions, verdicts, and interrogatories in the following format for each instruction, verdict, or interrogatory in issue:

**(1)** A separate page containing the text of the disputed language with an identification of the party proposing it;

**(2)** Following the instruction, the opposing party's statement of objections to the instruction along with legal authority in support of the argument **(not to exceed one page)** and proposed alternative language where appropriate;

1     **(3)** The proposing party's response to the objection

2       with legal authority supporting the proposed

3       language **(not to exceed one page)**.

4

5     Both the agreed-on set, and the joint statement re

6     disputed instructions are to be filed with the pre-

7     trial conference order and other Fed. R. Civ. P. 16

8     documents fourteen (14) days before the pre-trial

9     conference.

10

11   **(c)** All proposed jury instructions shall be in the format

12     specified by Local Rule 51-2.

13

14   **(d)** A table of contents shall be included with all jury

15     instructions submitted to the Magistrate Judge.  The

16     table of contents shall set forth the following:

17

18     **(1)** The number of the instruction;

19     **(2)** A brief title of the instruction;

20     **(3)** The source of the instruction; and,

21     **(4)** The page number of the instruction.

22

23 For example:

24 Number  Title     Source    Page Number

25 1     Burden of Proof 9th Cir. 12.2  5

26

27   **(e)** The Court directs counsel to use the instructions from

28     the <u>Manual of Model Jury Instructions for the Ninth</u>

<u>Circuit</u> (West 2007) where applicable.  Where California law is to be applied and the above instructions are not applicable, the Court prefers counsel to use the Judicial Council of California Civil Jury Instructions ("CACI") forms.  If neither of these sources is applicable, counsel are directed to use the instructions in Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>.

**(f)** Modifications of instructions from the foregoing sources (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.

**17.  <u>Motions in Limine</u>:** The parties must file motions in limine addressing the admissibility of evidence in accordance with Local Rule 7-3 by the date specified in the scheduling order, guidelines for which are on the last page.  The parties shall file their opposing and reply papers in accordance with Local Rules 7-9 and 7-10 respectively.

**18.  <u>Voir Dire and Jury Selection</u>:**

**(a)** The Court will conduct voir dire of all prospective jurors after reviewing input from counsel regarding potential areas of questioning.  A portion of the voir dire may be based on written questions given to the

18

jurors when they are seated as jurors covering the following areas: marital status; occupation/ spouse's occupation; prior jury experience; area of residence. Each side will be given approximately 15 minutes to conduct voir dire once the Court has concluded its questioning of the panel.

**(b)** In most cases, the Court will conduct its initial voir dire of prospective jurors who will be seated in the jury box. Normally, the Court selects a jury of eight, with no alternates.

**(c)** Except in an unusual case, each side will have three peremptory challenges. If fewer than six peremptories are exercised, the first eight jurors who are seated (by seat number in the jury box) will constitute the jury panel.

**19.** **Joint Statement of the Case**: The parties shall jointly prepare a statement of the case that the Court will read to all prospective jurors at the beginning of voir dire. The statement should not be longer than two or three paragraphs. No later than the pretrial conference, the parties shall lodge their proposed joint statement of the case, and deliver a courtesy copy to chambers.

**20.** **Findings of Fact and Conclusions of Law**: For a non-jury trial, the parties shall lodge their proposed findings of fact

1   and conclusions of law in accordance with Local Rule 52-1 not

2   later than one week before trial.  The Court will appreciate the

3   parties delivering to the CRD a copy of these findings on disk or

4   USB flash drive in Word format.

5

6   **21.   The Commencement of the Trial:**

7

8       **(a)**   Counsel shall arrive in the courtroom at 8:30 a.m. on

9              the first day of trial for the purpose of handling

10             logistical and administrative matters pertaining to the

11             trial.

12

13      **(b)**   If any party needs to arrange for the installation of

14             its own equipment such as video monitors, overhead

15             projectors, etc., counsel should notify the Courtroom

16             Deputy no later than 4:30 p.m. the Thursday before

17             trial so that the necessary arrangements can be made.

18

19      **(c)**   Unless the Court notifies the parties otherwise, trials

20             are conducted Monday through Friday from 9:00 a.m. to

21             5:00 p.m., with two 15 minute breaks and a lunch recess

22             from approximately 12:00 p.m. to 1:30 p.m.

23

24  **22.   Witnesses:** During trial, counsel must give 24 hours notice

25  to opposing counsel of the witnesses they intend to call the next

26  day.

27  \\

28  \\

20

23. <u>**Instructions Governing Procedure During Trial**</u>:

    **(a)**   Counsel are expected to cooperate with each other during trial to insure the efficient and expeditious use of the time of the Court and the jurors.

    **(b)**   Counsel shall not refer to their clients or any witness over 16 years of age by their first names during trial.

    **(c)**   Do not discuss the law or argue the case in opening statements.

    **(d)**   When objecting, stand before speaking, state only that you are objecting and the legal ground of the objection, <u>e.g.</u>, hearsay, irrelevant, etc.  Do not argue an objection before the jury.

    **(e)**   In multi-party cases, counsel are expected to coordinate their cross-examination.  The Court will not permit each party's counsel to repeat previous cross-examination questions.

    **(f)**   Do not approach the Courtroom Deputy or the witness box without the Court's permission.  Please return to the lectern when your purpose has been accomplished.  Do not enter the well of the Court without the Court's permission.

**(g)** Please rise when addressing the Court.  In jury cases, please rise when the jury enters or leaves the courtroom.

**(h)** Address all remarks to the Court.  Do not directly address the Courtroom Deputy, the reporter or opposing counsel.  If you wish to speak with opposing counsel, ask permission to talk to counsel off the record.  All requests for the re-reading of questions or answers, or to have an exhibit placed in front of a witness, shall be addressed to the Court.

**(i)** Although the Court encourages the parties to stipulate to facts that are not reasonably in dispute, do not offer a stipulation unless you have previously conferred with opposing counsel and reached an agreement.

**(j)** While court is in session, do not leave the counsel table to confer with investigators, secretaries, or witnesses unless permission is granted in advance.

**(k)** When a party has more than one lawyer, only one may conduct the examination of a given witness and only that lawyer may handle objections during the testimony of that witness.

**(1)**    If  a  witness  was  on  the  stand  at  a  recess  or
adjournment,  have  the  witness  back  on  the  stand  and
ready to proceed when court resumes.

**(m)**    Do  not  run  out  of  witnesses.    If  you  are  out  of
witnesses  and  there  is  more  than  a  brief  delay,  the
Court may deem that you have rested.

**24.**   **Notice of this Order:**  Plaintiff's  counsel  or,  if  plaintiff
is  appearing  <u>pro se</u>,  defendant's  counsel,  shall  provide  this
Order  to  any  parties  who  first  appear  after  the  date  of  this
Order  and  to  parties  who  are  known  to  exist  but  have  not  yet
entered appearances.

The  Court  thanks  all  parties  for  their  cooperation  and  for
their support of the Court's consent programs.

DATED:  May 15, 2014

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE