1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  NORTHWEST ADMINISTRATORS, INC.,        Case No. CV 14-2755 SS

12                    Plaintiff,           **ORDER GRANTING IN PART
                                           PLAINTIFF AND COUNTER-**
13          v.                             **DEFENDANT'S MOTION TO DISMISS
                                           COUNTERCLAIM, WITH LEAVE TO**
14  COMPLETE FUSION CARE, CIC, INC.,       **AMEND**
    et al.,
15                                         **(Dkt. No. 26)**
                      Defendants.
16

17  ────────────────────────────

18  COMPLETE FUSION CARE, CIC, INC.,

19                    Counterplaintiff,

20          v.

21  NORTHWEST ADMINISTRATORS, INC.,
    et al.,
22
                      Counterdefendants.
23  \\

24  \\

25  \\

26  \\

27  \\

28

# I.

## INTRODUCTION

On June 26, 2014, Plaintiff and Counter-Defendant Northwest Administrators, Inc. ("Northwest") filed a Motion to Dismiss Counterclaim Filed by Complete Infusion Care, CIC, Inc. ("CIC"). (Dkt. No. 26).   In support of the Motion, Northwest also filed the declaration of Karen A. Henry ("Henry Decl.") and a Request for Judicial Notice, which included the declaration of Pat Wall. ("Wall Decl. I").   (Dkt. No. 25).   CIC filed an Opposition on July 26, 2014.   (Dkt. No. 30).   On the same date, CIC filed a Request for Judicial Notice, (Dkt. No. 31), and Evidentiary Objections to the Declaration of Pat Wall.   (Dkt. No. 32).   On August 5, 2014, Northwest filed a Reply, (Dkt. No. 35), including a Supplemental Declaration of Pat Wall, (id.), a Reply in Support of its Request for Judicial Notice (Dkt. No. 35), and a Response to CIC's Evidentiary Objections.   (Dkt. No. 36).   On August 14, 2014, CIC filed a Surreply, (Dkt. No. 37), and Evidentiary Objections to the Supplemental Declaration of Pat Wall.   (Dkt. No. 38).

For the reasons stated below, the Court grants Northwest's Motion in part and dismisses CIC's counterclaims, but with leave to amend to permit CIC to clarify the factual basis of its counterclaims.

\\

\\

\\

## II.

### FACTUAL BACKGROUND

Northwest provides employee benefit plan administration and benefit claim processing services.  Its clients include Teamsters Miscellaneous Security Trust Fund (the "Trust"), which offers several plans to its members, including the Plan E Medical Reimbursement Plan for Group Number 108 (the "Plan").  (Motion at 1).  The coverage provisions for that Plan are set forth in a Summary Plan Document ("SPD").  (Id.).

CIC provided medical services and products to a particular participant in the Plan (the "Member") for approximately one year.  (Id. at 1-2).  CIC is not a contracting provider with Northwest, and submitted invoices to Northwest for payment on that basis.  (Id. at 2).  Northwest later calculated that it had overpaid CIC for the services provided to the Member.  (Id.).  After informal attempts at reimbursement failed, Northwest filed the instant action in diversity for account stated, money had and received, and overpayment.  (Dkt. No. 1).

CIC filed a counterclaim against Northwest when it answered the Complaint.  (See Dkt. Nos. 10-11).  CIC raised causes of action for breach of contract, quantum meruit, open book account, account stated, and goods and services rendered, all based on the allegation that Northwest had underpaid CIC.  (Dkt. No. 11).

\\

\\

3

**III.**

**THE MOTION TO DISMISS**

Northwest contends that CIC's counterclaims should be dismissed for three reasons.  First, Northwest argues that the Court lacks jurisdiction because CIC's counterclaims are pre-empted by the Employee Retirement Income Security Act ("ERISA"). (Motion at 1, 7-13).  Second, the Court also lacks jurisdiction on the alternative ground that CIC failed to exhaust administrative remedies before filing suit.  (Id. at 1, 3-7). Third, the breach of contract counterclaim fails to state a claim because it does not allege sufficient facts describing the underlying contract and fails to allege mutual assent.  (Id. at 1, 13-19).

CIC argues that its counterclaims are not pre-empted by ERISA because CIC is seeking relief not as the Member's assignee, but in its own right.  (Opp. at 8-19).  CIC further contends that because the counterclaims fall outside the scope of ERISA, there is no exhaustion requirement, and even if there were, exhaustion should be excused because it would be futile.  (Id. at 19). Finally, CIC contends that it has adequately pled a counterclaim for breach of an implied contract in fact.  (Id. at 4-8).

\\

\\

\\

\\

\\

4

1

**IV.**

2

**STANDARDS**

3

4        Federal Rule of Civil Procedure 12(b)(1) provides for

5   dismissal of an action for lack of subject matter jurisdiction.

6   It is well established that the party seeking to invoke the

7   jurisdiction of the federal courts has the burden of establishing

8   that jurisdiction exists.  <u>Assoc. of Medical Colleges v. United</u>

9   <u>States</u>, 217 F.3d 770, 778-779 (9th Cir. 2000).  A motion under

10  Rule 12(b)(1) can either be "facial," attacking a pleading on its

11  face and accepting all allegations as true, or "factual,"

12  contesting the truth of some or all of the pleading's allegations

13  as they relate to jurisdiction.  <u>Wolfe v. Strankman</u>, 392 F.3d

14  358, 362 (9th Cir. 2004).  The standards that must be applied

15  vary according to the nature of the jurisdictional challenge.

16

17        Here, the challenge to jurisdiction is a facial attack.

18  Northwest contends that the allegations of jurisdiction contained

19  in the counterclaims are insufficient on their face to

20  demonstrate the existence of jurisdiction.  <u>Safe Air for Everyone</u>

21  <u>v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a Rule

22  12(b)(1) motion of this type, the plaintiff is entitled to

23  safeguards similar to those applicable when a Rule 12(b)(6)

24  motion is made.  See <u>Sea Vessel Inc. v. Reyes</u>, 23 F.3d 345, 347

25  (11th Cir. 1994).  The material factual allegations of the

26  complaint are presumed to be true, and the motion is granted only

27  if the plaintiff fails to allege an element necessary for subject

28  matter jurisdiction.  <u>Savage v. Glendale Union High Sch. Dist.</u>

No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); see also Maya v. Centex Corp., 658 F.3d 1060, 1068 (9th Cir. 2011) ("'For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party.'") (quoting Warth v. Seldin, 422 U.S. 490, 501 (1975)).

Under Rule 12(b)(6), a defendant may also seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory.  See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The court must accept all factual allegations as true even if doubtful in fact.  Twombly, 550 U.S. at 555-56.  However, the court does not have to accept as true mere legal conclusions.  See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements

1    of a cause of action, supported by mere conclusory statements, do

2    not suffice.").

3

4         A court considering a motion to dismiss must also decide, if

5    it grants the motion, whether to grant the plaintiff leave to

6    amend.   Even when a request to amend is not made, "[l]eave to

7    amend should be granted unless the pleading could not possibly be

8    cured by the allegation of other facts . . . ."   Lira v. Herrera,

9    427 F.3d 1164, 1176 (9th Cir. 2005) (internal quotation marks

10   omitted).   However, if amendment of the pleading would be futile,

11   leave to amend may be denied. See Ventress v. Japan Airlines, 603

12   F.3d 676, 680 (9th Cir. 2010).

13

14                              **V.**

15                          **DISCUSSION**

16

17        The instant dispute turns largely on whether CIC's state law

18   counterclaims are preempted by ERISA.   That question, in turn,

19   depends on whether CIC is attempting to sue Northwest as the

20   assignee of the Member's benefits, or as an aggrieved party in

21   its own right.   For the reasons stated below, the Court finds

22   that CIC's counterclaims, as pled, are somewhat unclear as to

23   this issue, but that it is possible that the ambiguity can be

24   cured by amendment.

25

26        The Employee Retirement Income Security Act of 1974, 29

27   U.S.C. §§ 1001 et seq. ("ERISA"), provides for federal regulation

28   of private employee benefit plans.   Edwards v. Lockheed Martin

                                7

1  *Corp.*, 954 F. Supp. 2d 1141, 1146 (E.D. Wash. 2013).   Under

2  ERISA, "civil actions may be brought . . . by participants,

3  beneficiaries, fiduciaries, and the Secretary of Labor."   *Misic*

4  *v. Building Service Employees Health and Welfare Trust*, 789 F.2d

5  1374, 1378 (9th Cir. 1986) (citing 29 U.S.C. § 1132(a)).[1]

6  Congress's purpose in enacting ERISA was to create a uniform

7  regulatory regime that would "eliminate the problem of

8  inconsistent state and local regulation in the area of employee

9  benefit plans . . . ."   *The Meadows v. Employers Health*

10  *Insurance*, 47 F.3d 1006, 1008 (9th Cir. 1995).   To that end,

11  while providing a federal cause of action, the statute also

12  provides that "[e]xcept as provided in subsection (b) of this

13  section, the provisions of [ERISA] . . . shall supersede any and

14  all State laws insofar as they may now or hereafter *relate to* any

15  employee benefit plan."   *Id.* (quoting 29 U.S.C. § 1144(a))

16  (brackets, ellipses and emphasis in original).   "A law 'relates

17  to' an employee benefit plan, in the normal sense of the phrase,

18  ───────────────

19  [1] State law causes of action are "completely preempted" when brought by a beneficiary seeking benefits under a plan, and a

20  federal cause of action lies.   *See* *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009).   As the

21  Ninth Circuit has explained, "complete preemption" under this section is "really a jurisdictional rather than a preemption

22  doctrine, [as it] confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal

23  law to be so broad as to entirely replace any state-law claim." *Id.* (quoting *Franciscan Skemp Healthcare, Inc. v. Cent. States*

24  *Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008).   A state law cause of action is completely preempted

25  by federal law if (1) "an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and

26  (2) "where there is no other independent legal duty that is implicated by a defendant's actions."   *Marin General Hosp.*, 581

27  F.3d at 946 (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200,

28  210 (2004)).

1   if it has a connection with or reference to such a plan." Shaw

2   v. Delta Air Lines, Inc., 463 U.S. 85, 96–97 (1983).[2]

3

4       In light of ERISA's preemption provision, a state law claim

5   for breach of contract brought by a beneficiary is plainly

6   barred.  So, too, the Ninth Circuit has found, would a state law

7   claim for breach of contract brought by an assignee of the

8   beneficiary's rights to benefits under an ERISA plan.  Misic, 789

9   F.2d at 1377 ("We agree that a state law cause of action based on

10  an assignment theory would be preempted by ERISA . . . .").

11  However, the Ninth Circuit has also found that state law "claims

12  by a third-party who sues an ERISA plan not as an assignee of a

13  purported ERISA beneficiary, but as an independent entity

14  claiming damages" are not preempted by section 1144(a).  The

15  Meadows, 47 F.3d at 1008.

16

17      In The Meadows, a substance abuse treatment facility relied

18  on an insurer's representations that two former plan members were

19  still covered.  When the insurer subsequently refused to pay for

20  the treatment, the facility brought state law claims against the

21  insurer for negligent misrepresentation, estoppel and breach of

22  contract, which were removed to federal court.  Id.  The Ninth

23  Circuit found that the facility's state law claims did not

24  "relate to" an employee benefit plan because they made no

25  _____

26  [2]  Preemption under section 1144(a) is called "conflict
    preemption," which applies when a state law claim "relates to" an
27  ERISA benefit plan.  Marin General Hosp., 581 F.3d at 945.
    Unlike "complete preemption," "a defense of conflict preemption
28  . . . does not confer federal question jurisdiction on a federal
    district court."  Id.

reference to and functioned irrespective of the existence of an ERISA plan. Id. at 1010. The Court cited with approval Memorial Hospital System v. Northbrook Life Ins. Co., 904 F.2d 236, 245 (5th Cir. 1990), which found preemption only if "the state law claims address areas of exclusive federal concern, such as the right to receive benefits under an ERISA plan; and (2) the claims directly affect the relationship among the traditional ERISA entities (the employer, the plan and its fiduciaries, and the participants and beneficiaries." The Meadows, 47 F.3d at 1009. see also Memorial Hospital System, 904 F.2d at 250 (hospital's state law claim against insurer for fraudulent misrepresentation, brought "in its independent status as a hospital," and where beneficiary's "assignment of benefits is irrelevant to [the hospital's] right to recover," is not preempted by ERISA).

Other courts have similarly found that state law claims brought by health care providers against plan insurers "too tenuously affect ERISA plans to be preempted by the Act." Lordman Enterprises v. Equicor, Inc., 32 F.3d 1529, 1533 (11th Cir. 1994); id. at 1533-34 ("When employers and employees gave up state law causes of action because of ERISA, they received federal causes of action under ERISA in exchange. On the other hand, ERISA does not provide a cause of action for aggrieved health care providers that treat ERISA participants."); In re Managed Care Litigation, 135 F. Supp. 2d 1253, 1268 (S.D. Fla. 2001) (breach of contract claims brought by physicians against plan insurers alleging improper bundling and downcoding of claims not preempted by ERISA because these actions "might sustain a

1  breach of contract claim without a need for reference to the
2  interpretation of ERISA plans"); Blue Cross of California v.
3  Anesthesia Care Associates Medical, 287 F.3d 1045, 1051 (9th Cir.
4  1999) (physicians' claims based not on "the right to payment,
5  which might be said to depend on the patients' assignments to the
6  Providers, but the amount, or level, of payment, which depends on
7  the terms of the provider agreements" with the plan insurer are
8  not preempted by ERISA); id. at 1052 ("In view of the fact that,
9  although beneficiaries of ERISA-covered plans have assigned their
10 rights to reimbursement to the Providers, the Providers are
11 asserting state law claims arising out of separate agreements for
12 the provision of goods and services, we find no basis to conclude
13 that the mere fact of assignment converts the Providers' claims
14 into claims to recover benefits under the terms of an ERISA
15 plan.").

16

17     Here, while CIC largely appears to be attempting to assert
18 claims in its own, independent, right, not simply as the assignee
19 of the Member's right to benefits, certain ambiguities remain.
20 For example, CIC alleges that it did not have an "express
21 contract" with Northwest, but does not sufficiently allege facts
22 supporting an implied in fact contract. (Motion, Exh. 4 at 3).
23 Additionally, while CIC claims to be suing for the amount of
24 payment due to Northwest's "non-payment and delayed payment
25 practices in its day-to-day business," it also alleges that these
26 payment practices are "done at the expense of Trust members,"
27 which confuses the issue of whether CIC is suing as an assignee
28 or in its own independent stead. In light of these ambiguities,

1    the Court grants Northwest's Motion and dismisses the

2    Counterclaims as currently pled.

3

4                                **V.**

5                          **CONCLUSION**

6

7        It is possible that CIC may be able to clear up these

8    ambiguities by amending its counterclaims.   Accordingly,

9    dismissal of the Counterclaims is with leave to amend.  If CIC

10   wishes to pursue its counterclaims, it shall file First Amended

11   Counterclaims within fourteen (14) days of the date of this

12   Order.  Northwest's response is due fourteen (14) days from

13   service of the First Amended Counterclaims.

14

15   DATED:  August 19, 2014

16                                      _____/S/_____
                                        SUZANNE H. SEGAL
17                                      UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28