MICHAEL HOUSKE (State Bar No. 218830)
JONATHAN H. SHIN (State Bar No. 287602)
**HOOPER, LUNDY & BOOKMAN P.C.**
1875 Century Park East, Suite 1600
Los Angeles, California 90067-2517
Telephone: (310) 551-8111
Facsimile: (310) 551-8181
E-Mail: mhouske@health-law.com

Attorneys for Defendant and Counter-Plaintiff COMPLETE INFUSION CARE, CIC, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC, <br><br> Plaintiff, <br><br> vs. <br><br> COMPLETE INFUSION CARE, CIC, INC.; and DOES 1 through 10, inclusive, <br><br> Defendants. <br><br> COMPLETE INFUSION CARE, CIC, INC., <br><br> Cross-Complainant, <br><br> vs. <br><br> NORTHWEST ADMINISTRATORS, INC.; and ROES 1 TO 10, inclusive, <br><br> Counter-Defendants. | Case No. 14-cv-2755 SS <br><br> The Hon. Suzanne H. Segal <br><br> **COMPLETE INFUSION CARE, CIC, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> [Objections to Request for Judicial Notice and Decl. of G. Bushnell and Declaration of Michael Houske filed concurrently herewith] <br><br> Hearing Date: July 28, 2015 <br> Time: 10:00 a.m. <br> Location.: Courtroom 23 <br> 312 North Spring Street <br> Los Angeles, CA 90012 |

## I. INTRODUCTION

In an attempt to save its defective First Amended Complaint ("FAC") from being dismissed based on defendant and cross-complainant Complete Infusion Care, CIC, Inc.'s ("CIC") motion to dismiss, Northwest Administrators, Inc. ("Northwest") cannot rely on evidence outside of its pleadings. Northwest's FAC is facial defective because the FAC contains no allegations to establish that Northwest has standing to pursue claims for injuries suffered by another – namely Teamsters Miscellaneous Security Trust Fund (the "Trust"). Moreover, neither the Summary Plan Document for the Trust's "Plan E Medical Reimbursement Plan for Group Number 108" ("SPD") nor the Agreement for Administrative Services ("AAS") between Northwest and the Trust are referenced, mentioned or relied upon in any manner in the FAC. Even if those documents may have provided a basis for Northwest's standing, those documents cannot now be incorporated by reference to save the FAC from being dismissed. As such, the FAC is facial defective and CIC's Motion to Dismiss must be granted.

## II. ARGUMENT

### A. CIC Attempted to Comply With The Spirit Of Local Rule 7-3

Northwest's FAC was deemed filed, pursuant to a stipulation by CIC's prior counsel on May 29, 2015 [Dkt. Nos. 52 & 53], which meant that a response to the FAC was due by June 15, 2015 and the deadline to comply with Local Rule 7-3 would have been June 8, 2015. New counsel for CIC, Michael Houske of Hooper, Lundy & Bookman, P.C. ("HLB"), did not even substitute into this matter until June 4, 2015 [Dkt. Nos. 54 & 55], just after completing a three day administrative proceeding before an Administrative Law Judge at the Office of Administrative Hearings on June 3, 2015. Declaration of Michael Houske ("Houske Decl."), ¶ 2. Moreover, HLB did not receive the files on this matter, which has been pending since April 10, 2014 [Dkt. No. 1], from prior counsel until Thursday, June 4, 2015. *Id.* As such, CIC's new counsel never had a reasonable opportunity to review the

1

file on this matter, analyze the FAC and comply with Local Rule 7-3 by Monday, June 8, 2015.

On Thursday, June 11, 2015, Mr. Houske called and requested a short extension from Northwest's counsel Karen Henry, from June 15 to June 26, 2015, to respond to the FAC.  Houske Decl., ¶ 3.  Ms. Henry said she would get back to Mr. Houske.  *Id.*  Only after being prompted by email on Friday, June 12, 2015, did Ms. Henry respond by stating that "Northwest respectfully declines CIC's request for an extension."  Houske Decl., ¶ 3 & Ex. A.  CIC's counsel now had a response due to the FAC by Monday, June 15, 2015.  In an attempt to comply with the spirit of Local Rule 7-3, counsel for CIC called counsel for Northwest on the afternoon of June 12, 2015 to inform her that CIC would be responding to the FAC with a motion to dismiss.  Houske Decl., ¶ 4.  Moreover, Counsel for CIC also provided by email, the legal basis, in part, for CIC's motion to dismiss based on Northwest's lack of standing.  Houske Decl., ¶ 4 & Ex. B.

### B. On Its Face, The FAC Does Not Allege Facts Sufficient To Confer Standing For Northwest To Pursue Claims Based On The Trust's Alleged Injuries.

The FAC, on its face, contains no allegations sufficient to confer Article III standing to Northwest to pursue claims on behalf of the Trust.  As such, CIC's motion to dismiss should be granted and the FAC dismissed in its entirety.

#### 1. Incorporation By Reference Not Allowed If The FAC Fails To Reference The Documents Outside The FAC

Northwest's contention that the SPD and AAS should be "incorporated by reference" into the FAC is without merit.  While documents attached as exhibits to a complaint may be considered as part of the pleading for purposes of a motion to dismiss, it is without dispute that copies of the SPD and/or the AAS are not attached to the FAC. [Dkt. 53].  As such, Northwest attempts to invoke the "incorporation by reference" doctrine, which provides that a document is constructively considered

within the complaint "if the complaint specifically refers to the document and if its authenticity is not questioned." *Perdue v. Rodney Corp.*, 2014 WL 3726700, at *4 (S.D. Cal. July 25, 2014). The FAC fails to meet the standard as to both the SPD and the AAS for the "incorporation by reference" doctrine.

First, Northwest's own Request for Judicial Notice admits that neither the SPD nor the AAS are expressly referenced in its FAC with any sort of specificity. [Dkt. 62]. Even if not expressly referenced in the complaint, a document's contents need be "alleged" in order for the "incorporation by reference" doctrine to apply. *Perdue*, 2014 WL 3726700, at *4 (refusing to consider a document in hearing a motion to dismiss on grounds that plaintiffs "do not expressly mention or refer to the [documents], or even identify their existence."). It is without dispute that neither the SPD nor the AAS are expressly referenced in or attached in the FAC. [Dkt. 53]. Northwest stretches logic by arguing that both the SPD and AAS are "impliedly reference[d]" in Paragraph 6 of the FAC, which alleges that "Northwest is the administrative agent of the [Trust] and as such, is responsible for processing of the Trust's indemnity medical claims for Trust participants who have selected that form of benefit schedule." (RJN, Dkt. 62, 4:8-11). Northwest contends that the AAS is impliedly referenced because it is the agreement which sets forth the relationship between Northwest and Trust, and that the SPD is impliedly referenced because Trust is the "Plan" which issued the SPD. Despite Northwest's best efforts, Paragraph 6 on its face makes no reference or allegation, with any sort of specificity, to the SPD or AAS – such a tenuous "association" does not justify treating either the SPD or the AAS as part of the FAC.

Northwest also points to vague and tenuous "references" to the SPD and AAS found in CIC's First and Second Amended Counterclaims. References found, or not found in CIC's Counterclaims have no bearing on whether or not those documents should be incorporated into Northwest's FAC.

### 2. Northwest Cannot Rely On ERISA's Statutory Standing For Fiduciaries When This Court Has Already Ruled That This Is Not A Dispute Involving ERISA

Northwest's reliance on *Nutrishare, Inc. v. Conn. Gen. Life Ins. Co.*, 2014 WL 102 1028351 (E.D. Cal. March 14, 2014)("*Nutrishare*"), is misplaced. *Nutrishare* involved claims based on the Employee Retirement Income Security Act ('ERISA") and this Court has already ruled that there are no ERISA claims in CIC's counter-claim [Dkt. 40] and the FAC contains no ERISA claims in Northwest's FAC. [Dkt. 53]. ERISA simply does not provide Article III Standing to claim administrators to bring state law claims, such as are at issue here. ERISA merely provides statutory standing to a fiduciary to pursue ERISA claims on behalf of the plan, none of which are involved here.

### C. The FAC Does Not Allege Facts Sufficient To Show That Northwest Suffered Any Actual Injury.

The FAC, on its face, makes no allegations to support that Northwest, itself, suffered injury to support its UCL claim. California law limits causes of action under the UCL to those who have "suffered injury in fact and has lost money or property as a result of unfair competition." (Cal. Prop. 64 §§ 2 & 3; *Kwikset Corp. v. Superior Court of Orange County*, 51 Cal. 4th 310 (2011)). Here Northwest simply alleged that it acts as a claims administrator for the Trust. FAC, ¶ 6. Northwest has made absolutely no allegations in the FAC that Northwest has a financial stake regarding the claims that Northwest administers for the Trust and therefore, Northwest lacks standing to bring its UCL claim. *Id.; Amalgamated Transit Union, Local, AFL–CIO v. Superior Court*, 46 Cal. 4th 993, 1003 (2009). In *Amalgamated*, the court held that a union could not bring claims on behalf of its members because the union had not suffered injury in fact. 46 Cal. 4th at 1003-1005. Nor can Northwest claim that the Trust assigned its rights to bring a UCL to Northwest. *Id.* at 1002, *citing,* Bus. & Prof. Code, § 17204.

## III. CONCLUSION

For the foregoing reasons, CIC's Motion to Dismiss should be granted and the FAC dismissed in its entirety.

DATED: July 14, 2015                      HOOPER, LUNDY & BOOKMAN, P.C.


By: /s/ *Michael Houske*
MICHAEL HOUSKE
JONATHAN H. SHIN
Attorneys for Defendant and cross-complainant
COMPLETE INFUSION CARE, CIC, INC.